**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 25-2011**

─────────

MARIA NARCISA MURUDUMBAY-TAMAY; J.N.H.M.; C.D.H.M.; J.R.H.M.,

Petitioners,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

─────────

On Petition for Review of an Order of the Board of Immigration Appeals.

─────────

Submitted:  July 16, 2026                     Decided:  July 20, 2026

─────────

Before WILKINSON, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

─────────

Petition denied by unpublished per curiam opinion.

─────────

**ON BRIEF:**  Anna A. Tijerina, Daniel I. Smulow, GRIFFITH IMMIGRATION LAW, Baltimore, Maryland, for Petitioners.  John Shumate, Assistant Attorney General, Lisa M. Arnold, Senior Litigation Counsel, Deitz P. Lefort, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maria Narcisa Murudumbay-Tamay and her minor children, natives and citizens of Ecuador, petition for review of an order of the Board of Immigration Appeals (Board) dismissing their appeal from the immigration judge's decision denying Murudumbay-Tamay's applications[1] for asylum and withholding of removal.[2] We deny the petition for review.

The Board first rejected Murudumbay-Tamay's argument that the immigration judge failed to adequately develop the record, a ruling that Murudumbay-Tamay does not challenge here. The Board also held that Murudumbay-Tamay waived review of the immigration judge's dispositive ruling—to wit: that Murudumbay-Tamay failed to establish the requisite nexus between the past harm she alleged, and future harm she feared, and any of the assumed-cognizable particular social groups, *see Portillo Flores v. Garland*, 3 F.4th 615, 626, 630-31 (4th Cir. 2021) (en banc) (discussing the three elements of an asylum claim, particularly that the applicant must prove a nexus between the alleged persecutory conduct and a protected ground)—by failing to specifically address that aspect of the immigration judge's ruling in her administrative appeal brief. Because this ruling

---

[1] Murudumbay-Tamay's minor children were riders on her asylum application, *see* 8 U.S.C. § 1158(b)(3), and are identified as petitioners in this court by their initials.

[2] Murudumbay-Tamay has forfeited review of the immigration judge's denial of relief under the Convention Against Torture, which was not challenged in the administrative appeal, by not raising that issue in the brief submitted to this court. *See* Fed. R. App. P. 28(a)(8)(A); *Ullah v. Garland*, 72 F.4th 597, 602 (4th Cir. 2023) (explaining that a party forfeits appellate review of those issues and claims not raised in the party's briefs).

2

was dispositive of the applications for asylum and withholding of removal, the Board affirmed the immigration judge's denial of relief on this basis.

In this court, Murudumbay-Tamay contends that she did in fact raise the "no-nexus" holding before the Board and, thus, that remand is necessary.  However, review of the record does not bear this out, and we discern no error in the Board's application of its procedural waiver rule in this context.  *See In re D-G-C-*, 28 I. & N. Dec. 297, 297 n.1 (B.I.A. 2021) (explaining Board's procedural rule that issues an applicant does "not meaningfully challenge[]" on appeal will be deemed waived).  Accordingly, we deny Murudumbay-Tamay's request for agency remand and deny the petition for review.  *See In re Murudumbay-Tamay* (B.I.A. Aug. 7, 2025).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*